# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## <u>PETITION FOR REVIEW/NOTICE OF APPEAL</u>

Notice is hereby given that the petitioner(s)/appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Originating Tribunal *(Name of Agency, Board, Commission, Office, Bureau, or Court whose decision is being appealed)*:    <u>US Merit Systems Protection Board</u>

Case number being appealed:    <u>DC-0752-24-0215-I-1</u>

Case title being appealed:    <u>Mahmoud Karim Diallo v. Environmental Protectio</u>

Date of final decision or order being appealed:    <u>04/03/2026</u>

Date decision or order was received:    <u>04/03/2026</u>

▣  I have attached a copy of the decision or order being appealed.

**List all Petitioners/Appellants** (List each party filing this appeal.  Do not use "et al." or other abbreviations.  Attach continuation pages if necessary.)

Mahmoud Karim Diallo
A. Marques Pitre, Esq.

Date: <u>05/29/2026</u>

Signature: _____

Name: <u>A. Marques Pitre, Esq</u>

Address: <u>1300 Pennsylvania Ave, NW</u>

<u>Suite 700</u>

<u>Washington, DC 20004</u>

Phone Number: <u>(202) 840-6797</u>

Email Address: <u>ampitre@ampitreassociates.c</u>

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MAHMOUD KARIM DIALLO,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-24-0215-I-1 |
| v. | |
| ENVIRONMENTAL PROTECTION<br>    AGENCY,<br>    Agency. | DATE:  April 3, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mahmoud K. Diallo</u>, Alexandria, Virginia, pro se.

<u>Nathanael Nichols</u>, Esquire, <u>Bianca Ponce de Leon</u>, Esquire, and
    <u>Edward O. Sweeney</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal from his position as an Industrial Hygienist with the agency's Office of Chemical Safety and Pollution Prevention.  On petition for review, the appellant reraises his allegations that his supervisor discriminated against him by forcing him to perform work that she should have assigned to a

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Chemical Engineer. He argues that this discrimination, as well as retaliation for his equal employment opportunity (EEO) activity, was the "root cause" of the agency's misconduct allegations. He also argues that the agency ignored his request for a temporary lateral reassignment to a new supervisor that was supported by medical documentation. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the proof frameworks applicable to the appellant's claims of Title VII discrimination and retaliation, we AFFIRM the initial decision.

The appellant's arguments on review are mostly reiterations of his arguments below and do not identify any particular error in the initial decision. Petition for Review (PFR) File, Tab 1. Mere disagreement with the administrative judge's explained findings does not establish a basis for review. *See Dieter v. Department of Veterans Affairs*, 2022 MSPB 32, ¶ 14. Nevertheless, we take this opportunity to clarify the proof frameworks applicable to the appellant's Title VII disparate treatment and retaliation claims. In *Wilson v. Small Business Administration*, we explained that the

*McDonnell Douglas*[2] or any other burden-shifting framework does not apply in determining whether discrimination was a motivating factor in an employment decision.  2024 MSPB 3, ¶ 13; *see also Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 21 n.4 (stating that the appellant in a motivating factor regime need not fully rebut the agency's proffered motives as pretext).  Thus, to the extent that the initial decision in any way suggests otherwise, we expressly modify the initial decision.  Initial Appeal File (IAF), Tab 25, Initial Decision (ID) at 19, 24.  In any event, the administrative judge correctly concluded that the appellant did not prove that Title VII discrimination or retaliation was a motivating factor in the agency's removal action under the methods of proof set forth in *Pridgen*, 2022 MSPB 31, ¶¶ 20-25, 30, and the appellant received a fair and just adjudication of his affirmative defenses.  ID at 18-24; IAF, Tab 6 at 2-4.

As noted above, the appellant reasserts on review that the agency ignored his request for a lateral reassignment that was supported by a letter from his physician.  PFR File, Tab 1 at 5; IAF, Tab 1 at 9, Tab 3 at 346.  The administrative judge did not identify a claim of disability discrimination based on a failure to accommodate theory in his Order and Summary of the Prehearing Conference, IAF, Tab 17, nor did he evaluate a claim of disability discrimination in the initial decision, ID.  Rather, he considered the appellant's requests for a new supervisor in the context of Title VII disparate treatment.  ID at 21.  He noted the testimony of the deciding official that there was no basis to reassign the appellant because an agency investigation determined that there was no harassment.  *Id.*

In *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18, the Board set forth a nonexhaustive list of factors for consideration when determining whether an appellant will be deemed to have waived or abandoned a previously raised

---

[2] The U.S. Supreme Court, in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), set forth the order and allocation of proof in an employment discrimination case as a three-stage process, wherein the final stage the appellant must provide evidence that the agency's stated reason for its action is a mere pretext for discrimination.

affirmative defense such that remand is necessary.[3]   After considering those factors and the facts of this appeal, we conclude that the appellant waived an affirmative defense of disability discrimination based on a failure to accommodate theory.  The appellant's pleadings reflect that his request for a new supervisor, at its core, was a harassment complaint with the only outcome acceptable to him being a new supervisor.  IAF, Tab 1 at 9, Tab 3 at 346, Tab 12 at 6.  Although he referenced his mental health condition, he never expressly alleged a "disability," and he later characterized his harassment complaint as a request for religious accommodation.  IAF, Tab 1 at 9, Tab 12 at 6.  Furthermore, the appellant did not object to the administrative judge's prehearing conference summary construing his affirmative defenses as Title VII disparate treatment and EEO retaliation despite being afforded the opportunity to do so; and there is no indication that the appellant's presumptive abandonment of this affirmative defense was the product of confusing, misleading, or incorrect information provided by the agency or the Board.  IAF, Tabs 17-18; *see Thurman*, 2022 MSPB 21, ¶ 18.  Therefore, despite his pro se status, we find that the appellant waived this affirmative defense before the administrative judge, and we

---

[3] Those factors include:  (1) the thoroughness and clarity with which the appellant raised his affirmative defense; (2) the degree to which the appellant continued to pursue his affirmative defense in the proceedings below after initially raising it; (3) whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense when he was specifically afforded an opportunity to object and the consequences of his failure were made clear; (4) whether the appellant raised his affirmative defense or the administrative judge's processing of the affirmative defense claim in his petition for review; (5) whether the appellant was represented during the course of his appeal before the administrative judge and on petition for review, and if he was not, the level of knowledge of Board proceedings possessed by the appellant; and (6) the likelihood that the presumptive abandonment of the affirmative defense was the product of confusion, or misleading or incorrect information provided by the agency or the Board. *Thurman*, 2022 MSPB 21, ¶ 18.  The list is not exhaustive, and none of the individual factors identified will be dispositive. *Id.*  Instead, the applicability and weight of each factor should be determined on a case-by-case basis. *Id.*

find no reversible error in the administrative judge's analysis of the appellant's affirmative defenses.[4]

Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[4] The appellant does not reraise a claim of religious discrimination based on a failure to accommodate theory on review. PFR File, Tab 1; IAF, Tab 12 at 6. As mentioned above, he also did not object to the administrative judge's prehearing conference summary identifying the affirmative defenses to the exclusion of all others. IAF, Tabs 17-18. Nevertheless, because the appellant received notice of his burden of proof to establish an affirmative defense of religious discrimination based on a failure to accommodate, IAF, Tab 6 at 6-7, and the record is sufficiently well-developed on the issue and would not require new credibility findings, *cf. Mahaffey v. Department of Agriculture,* 105 M.S.P.R. 347, ¶ 11 (2007), we will briefly address this claim. The administrative judge's well-reasoned findings of fact support the conclusion that the appellant did not establish a prima facie case, which requires the following showings: (1) that he holds a bona fide religious belief that conflicts with an employment requirement; (2) has informed his employer of the conflict; and (3) was discharged or disciplined for failing to comply with the conflicting requirement. *See Reed v. Department of Transportation*, 76 M.S.P.R. 126, 131 (1997). The administrative judge properly found no evidence that the appellant's supervisor was harassing the appellant or creating a hostile work environment. ID at 20-21. Thus, we conclude that the appellant has not shown that bona fide religious beliefs conflicted with an employment requirement. *See Reed*, 76 M.S.P.R. at 131.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           _____

                         *Gina K. Grippando*

                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.

CERTIFICATE OF SERVICE

      I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Service     Mahmoud Diallo
Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service     Nathanael Nichols
Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service     Bianca Ponce de Leon
Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service     Edward Sweeney
Served on email address registered with MSPB

*Dinh Chung*

_____04/03/2026_____
(Date)

_____
Dinh Chung
Case Management Specialist